GENOIS, MAYOR, ETC. *vs*. LOCKETT ET AL.

MAYOR, ETC.
*vs*,
LOCKETT ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

The mayor of New-Orleans, who is entrusted with the execution of the laws for the benefit of all the corporators, has the capacity to sue, and to prohibit by suit the passage or execution, by any of the municipal councils, laws, or resolutions contrary to the charter, and to test their legality.

So, the mayor may maintain an action to prohibit and restrain the officers of any of the municipalities, from doing any acts contrary to the laws of the state and in violation of the city charter.

The plaintiff alleges, that Henry Lockett, one of the defendants, being an alderman, and member of the council, was illegally employed by said council to assist the corporation attorney, in defence of a suit against the Second Municipality, for which it allowed him a fee of twenty-five hundred dollars ; that the resolution allowing this fee is illegal, null and void ; as, also, another resolution of said council, taking away the authority of the mayor to sign notes and obligations of the municipality, and giving it to their treasurer and comptroller, and directing them to sign a note of the municipality to Lockett for his said fee : the mayor then prays that Lockett, the recorder and aldermen of the Second Municipality, the treasurer and comptroller thereof, be cited, and after due proceedings, that the resolution giving the fee of twenty-five hundred dollars to Mr. Lockett, be declared null and void, as being contrary to the charter of the city, and in violation of the rights, duties and prerogatives of the mayor ; that said Lockett be required to return said note to the treasurer, or its amount, and enjoined not to dispose of it, and the treasurer enjoined not to pay it.

The defendants excepted to the capacity and right of the mayor to institute suit, and to maintain the action in manner and form as he had commenced it.

The case was tried on this exception, and judgment given in favor of the defendants, dismissing the suit.

The plaintiff appealed.

*Canon* and *Hoa*, for the plaintiff.

1. The only question in this case arises on the exception to the plaintiff's capacity and right to sue. The merits were not decided on in the court below.

2. The mayor has clearly an interest sufficient to authorize him to sue ; he pays taxes to the city, and has property subject to the control and operation of its laws. But his oath of office and the powers and duties attached to his station, make it his duty to resist any infringement of the laws, and the prerogatives vested in him by law.

3. The defendant, Lockett, being a member of the council of the Second Municipality, at the time he was employed by it and allowed a fee, was not eligible to receive any compensation from the council. The payment of said fee and the resolutions of the municipality authorizing it, were contrary to the charter, &c.

4. The council of the municipality had no right to issue any note or obligation, without the signature of the mayor, under his seal of office.

*Roselius, Carter* and *Lockett,* for the defendants, were stopped in the argument ; the court being under the impression that it was unnecessary to hear an argument from that side on the merits.

*Rost, J.,* delivered the opinion of the court.

Municipality No. 2, passed a resolution, authorizing the mayor to issue a promissory note to one of the members of their council, for services rendered by him to the said municipality, as attorney at law. The mayor, considering the resolution illegal, refused to approve and sign it. The council persisted by the majority required, and the mayor having refused to issue the note in pursuance of the resolution thus adopted, they passed another resolution, providing,

that thereafter, promissory notes and obligations to pay
money, authorized to be issued by the council, bonds bearing
the seal of the municipality excepted, should be signed and
issued by their treasurer, and countersigned by their comp-
troller ; and further revoking and annulling all authority
heretofore given to the mayor to sign and issue notes and
obligations, in behalf of this municipality.

In conformity with this resolution, the note which the
mayor had refused to issue, was issued by the treasurer.

The mayor, in his official capacity, instituted the present
action against the holder of the note, the recorder and alder-
men of Municipality No. 2, and also against the treasurer
and comptroller, and prayed that the two resolutions above
mentioned be declared null and void, as contrary to the
charter ; and that the holder of the note be condemned to
return the same, or the amount thereof to the treasurer. He
further prayed, that the holder might be enjoined not to dis-
pose of said note, nor to discount the same, and the treasurer
not to pay it at maturity.

The defendants came into court and excepted to the
action as follows :

That Charles Génois, in his official capacity, had no right
in law or by the ordinances of the city councils, to institute
and maintain this suit in manner and form as the same is
instituted, and was without authority to that effect from
Municipality No. 2.

The District Court, after hearing the parties, maintained
the exception, and the plaintiff appealed.

From the argument at the bar, we had supposed that the
case was before the court on its merits, and the fact stated
by counsel, that the note issued by the treasurer had been
discounted and paid by him, before service of the citation and
injunction upon him, induced us to believe, that this circum-
stance had defeated the action, and that nothing was left for
us to act upon. The record presents a different case. No-
thing is before us but the exception ; and taking all the facts
in the petition as true, we have merely to decide whether
they give to the plaintiff, in his official capacity, a cause of

Eastern Dist. *May,* 1839.

Mayor, etc.
*vs.*
Lockett, et al.

The mayor of New - Orleans who is entrusted with the execution of laws for the benefit of all the corporators, has the capacity to sue, and to prohibit by suit the passage or execution by any of the municipal councils, laws or resolutions contrary to the charter, and to test their legality.

So, the mayor may maintain an action to prohibit and restrain the officers of any of the municipalities from doing any acts contrary to the laws of the state and in violation of the city charter.

action, independently of the circumstances which may prevent him from succeeding in this particular case.

We are satisfied that he has made out a cause of action, and that the district judge erred in maintaining the exception. The plaintiff alleges, that the ordinances which he seeks to avoid, are contrary to law; that the note given by the treasurer, is not due by the municipality, and that the council, treasurer and comptroller have violated and continue to violate the laws of the state and the charter of the corporation, which, by virtue of his office, he is bound to see faithfully executed.

Taking these facts to be true for all the purposes of the present issue, the plaintiff is entitled to be heard. Entrusted as he is, for the common benefit of all the corporators, with power to see the charter faithfully executed, he must, in the exercise of that power, have frequent recourse to courts of justice, and has the right to test there the legality of ordinances passed by any of the councils, when a proper case occurs. We cannot prescribe to him the course which he is to pursue in the discharge of his official duties. The power to see the charter faithfully executed, being given to him, the selection of the means necessary to its exercise is left to his discretion, and we cannot interfere with them if they violate no law.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, the exception overruled, and the case remanded for further proceedings; the defendants and appellees paying the costs of this appeal.